1
2
3
4
5
6

**United States District Court**
For the Northern District of California

7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

SAN JOSE DIVISION

10

Agilent Technologies Inc.,                                    NO. C 06-05958 JW

11

               Plaintiff,                **PROPOSED ORDER OF APPOINTMENT**
  v.                                                                            **OF A TECHNICAL ADVISOR,**

12

Affymetrix, Inc.,                                             **MR. RAINER SCHULZ**

13

              Defendant.

14

15

                                    /

16

### I.  BACKGROUND

17

     Plaintiff Agilent Technologies, Inc. ("Agilent") brings this action against Defendant

18

Affymetrix, Inc. ("Affymetrix") to review an adverse decision in an interference proceeding before

19

the Board of Patent Appeals and Interferences ("Board") of the United States Patent and Trademark

20

Office ("PTO") under 35 U.S.C. § 146.

21

**A.**     **The Underlying Interference**

22

     The interference at issue is Patent Interference No. 105,285 ("the Interference"), entitled

23

"Carol T. Schembri, Junior Party v. Donald M. Besemer, Virginia W. Goss, and James L. Winkler,

24

Senior Party."  (Joint Statement Describing History of Case at 1, hereafter, "Joint Statement,"

25

Docket Item No. 22.)  Agilent is the legal owner of the rights to U.S. Patent No. 6,513,968 ("the

26

Schembri patent"), which was accorded the benefit of an application filed August 21, 1998.  (Joint

27

Statement at 2-3.)  Affymetrix is the legal owner of the rights to U.S. Patent Application 10/619224

28

("the Besemer application"), which was accorded the benefit of a patent filed June 7, 1995.  (Joint

Statement at 2-3.)  Affymetrix is the senior party because the Besemer application received the benefit of an earlier filing date than did the Schembri patent.[1]

Affymetrix provoked the Interference using the routine practice of copying one or more claims of the other party, in this case from Agilent's Schembri patent.  (Joint Statement at 3.)  This act established that two parties claimed "the same or substantially the same invention" as required under 35 U.S.C. § 135 (b)(1).  The Board declared an interference and identified as Count 1,[2] "A method according to claim 20 or claim 32 of [the Schembri patent] or claim 66 or claim 75 of [the Besemer application]."  (Joint Statement at 3.)  The Board further identified claims 20-25 and 30-35 of the Schembri patent and claims 66-70 and 73-78 of the Besemer application as the claims corresponding to Count 1.  (Joint Statement at 3-5.)  These claims define the subject matter of the dispute.

In the Interference, Agilent filed a single substantive preliminary motion asking the Board to find the relevant claims of the Besemer application unpatentable under 35 U.S.C. § 112 ¶ 1 for lack of written description support.  (Joint Statement at 5.)  Affymetrix filed preliminary motions asking the Board to find the relevant claims of the Schembri patent invalid under 35 U.S.C. §§ 102(b) and (e), and for the benefit of a June 8, 1994, filing date.  (Joint Statement at 5.)  On June 28, 2006, the Board denied Agilent's motion and dismissed Affymetrix's motions as moot.  (Joint Statement at 6.)  The Board then awarded priority to the Besemer application and canceled claims 20-26 and 30-35 of the Schembri patent.  (Joint Statement at 6.)

**B.    The § 146 Action**

On September 26, 2006, Agilent filed this § 146 action.  (Complaint, Docket Item No. 1.)  Agilent contends the Board erred in determining that claims 66-70 and 73-78 of the Besemer application satisfy the written description requirement.  (Complaint ¶ 24.)  Affymetrix contends that

---

[1]  In an interference, the party whose receives the benefit of the earliest filing date is the senior party, making the other party the junior party.  37 C.F.R. § 2.96.

[2]  "Count means the Board's description of the interfering subject matter that sets the scope of admissible proofs on priority."  37 C.F.R § 41.201.

the decision of the Board should be affirmed, or that, in the alternative, the canceled claims of the Schembri patent are anticipated by certain prior art references under §§ 102(b) and (e).  (Answer of Affymetrix Inc. to Complaint ¶¶ 33-34, Docket Item No. 9.)

On October 29, 2007, the Court conducted a case management conference.  The Court advised the parties that due to the complexity of the case and the patents-in-suit, the Court would benefit from the services of a technical advisor.

## II.  STANDARDS

A district judge has inherent authority to appoint a technical advisor when the judge deems it desirable and necessary.  Ass'n of Mexican Am. Educators v. California, 231 F.3d 572, 590 (9th Cir. 2000) (en banc).  The exercise of this authority should be used sparingly and only in highly complicated cases.  TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1378 (Fed. Cir. 2002) (interpreting the Ninth Circuit standard for appointing technical advisors).  In those limited cases, where the complexity of the science and technology involves something well beyond regular questions of fact and law, the district court may use its  inherent authority to tap the outside skill and expertise of a technical advisor.  Federal Trade Commission v. Enforma Natural Products, Inc., 362 F.3d 1204, 1213 (9th Cir. 2004); see also Reilly v. United States, 863 F.2d 149, 157 (1st Cir. 1988).  The technical advisor acts as educator, advising on terminology so that the district court can better understand complex evidence and properly discharge its role as decision maker.  TechSearch, 286 F.3d at 1377.

In Reilly, the appellant conceded  that a district court has inherent authority to appoint an expert as a technical advisor, but argued that such power is strictly circumscribed by Federal Rule of Evidence 706(a).  863 F.2d 149, 154 (1st Cir. 1988).  The First Circuit held the plain language of 706(a) indicates that the rule is confined to court-appointed expert witnesses and does not embrace expert advisors or consultants:

> [706(a)] establishes a procedural framework for nomination and selection of an expert witness and for the proper performance of his role after an appointment is accepted. [] By and large, these modalities--though critically important in the realm customarily occupied by an expert witness--have marginal, if any, relevance to the functioning of technical advisors.

3

1    Since an advisor, by definition, is called upon to make no findings and to supply no
     evidence, [internal citations omitted], provisions for depositions, cross-questioning, and the
2    like are inapposite. [citations omitted.]

3    Id. at 155-156.

### III.  PROPOSED ORDER OF APPOINTMENT

The Court intends to appoint Mr. Rainer Schulz[3] as a "Technical Advisor" under the

following terms:

1.  Any advice provided to the Court by Mr. Schulz will not be based on any extra-record

information.

2.  From time to time, the Court may request Mr. Schulz to provide a formal written report on

technical advice concerning the case.  A copy of the formal written report prepared by Mr. Schulz

shall be provided to the parties.  However, the Court reserves the right to have informal verbal

communication with Mr. Schulz which are not included in any formal written report.

2.  Mr. Schulz may attend any court proceedings.

3.  Mr. Schulz may review any pleadings, motions or documents submitted to the Court.

4.  As a technical advisor, Mr. Schulz will make no written findings of fact and will not

supply any evidence to the Court.  Thus, Mr. Schulz will be outside the purview of  "expert

witnesses" under Federal Rule of Evidence 706.   As such, the provisions in Rule 706 for depositions

and questioning of expert witnesses will be inapplicable to Mr. Schulz.  See Reilly, 863 F.2d at 155-

156.

5.  Mr. Schulz will have no contact with any of the parties or their counsel except for billing

purposes.

6.  The parties are directed to pay the reasonable fees charged by Mr. Schulz for his service

as a technical advisor to the Court in this case.  If the appointment is made, the parties shall confer to

determine an apportionment for purposes of payment of Mr. Schulz's fees.  All matters pertaining to

_____

[3]  Attached to this Proposed Order is a courtesy copy of Mr. Schulz's resume.

4

**United States District Court**
For the Northern District of California

1   the fees of Mr. Schulz are referred to the assigned Magistrate Judge Patricia Trumbull.

2         7.  Mr. Schulz shall file a declaration that he will adhere to the terms of his appointment.

3         On or before **November 15, 2007**, any party to the litigation wishing to object to Mr.

4   Schulz's appointment on any ground, shall file a Notice of Objection to Appointment of Technical

5   Advisor.  Among the grounds for objection, the Court specifically would wish to know of any

6   objection based on the following grounds:

7         A.  Bias on the part of Mr. Schulz;

8         B.  Lack of funds to share the fees of the advisor on the part of the objecting party.

9         Any objection shall be lodged directly with Magistrate Judge Trumbull.  The objection shall

10  state the grounds of objection and be accompanied by a supporting declaration and legal

11  memorandum supporting the objection.  Judge Trumbull shall not advise Judge Ware of the identity

12  of any party making an objection.  Judge Trumbull may confer with the parties to determine if any

13  modification of the terms of appointment would overcome the objection.  Thereafter, Judge

14  Trumbull shall submit a recommendation to Judge Ware in accordance with paragraphs 1-7 or as

15  modified, or of non-appointment due to objections.  Judge Ware shall determine whether to make

16  the appointment under any modified terms of appointment.

17

18  Dated:  October 30, 2007                    _____

19                                              JAMES WARE
                                                United States District Judge

20

21

22

23

24

25

26

27

28                                       5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Michael Joseph Malecek Michael_malecek@affymetrix.com
Robert Francis McCauley robert.mccauley@finnegan.com
Stephen C. Holmes Stephen_Holmes@Affymetrix.com
Tina E. Hulse tina.hulse@finnegan.com

**Dated:  October 30, 2007**                     **Richard W. Wieking, Clerk**


                                      **By:   /s/ JW Chambers**
                                          **Elizabeth Garcia**
                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California