1  Thomas H. Jenkins (*Pro hac vice*)
    tom.jenkins@finnegan.com
2  Tina E. Hulse (CA Bar No. 232936)
    tina.hulse@finnegan.com
3  FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
4  Stanford Research Park
    3300 Hillview Avenue
5  Palo Alto, California  94304-1203
    Telephone:     (650) 849-6600
6  Facsimile:      (650) 849-6666

7  Attorneys for Plaintiff
    AGILENT TECHNOLOGIES, INC.
8
    Barbara A. Caulfield (CA Bar No. 108999)
9  bcaulfield@dl.com
    Michael J. Malecek (CA Bar No. 171034)
10  mmalecek@dl.com
    Stephen C. Holmes (CA Bar No. 200727)
11  sholmes@dl.com
    DEWEY & LEBOEUF
12  1950 University Avenue, Suite 500
    East Palo Alto, California 94303-2225
13  Telephone:     (650) 845-7000
    Facsimile:      (650) 845-7333
14
    Attorneys for Defendant
15  AFFYMETRIX, INC.

IT IS SO ORDERED AS MODIFIED
/s/ James Ware
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC.<br><br>                    Plaintiff,<br><br>            v.<br><br>AFFYMETRIX, INC.<br><br>                    Defendant. | CASE NO. C 06-05958 JW (PVT)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [~~PROPOSED~~] ORDER**<br><br>Date:  December 14, 2009<br>Time:  10:00 a.m.<br>Courtroom:  8, 4th Floor<br>Judge:  Hon. James Ware |

In its Order of November 3, 2009 (Dkt. 89), the Court continued the Case Management Conference until December 14, 2009, in light of the parties' settlement negotiations. In its Order, the Court stated that the Joint Case Management Statement shall include the parties' proposed schedule on how the case should proceed and an update on the parties' settlement efforts. While settlement negotiations are on-going, the parties jointly submit this Case Management Statement and Proposed Order.

## DESCRIPTION OF THE HISTORY OF THE CASE

The present case is a suit under 35 U.S.C. § 146 filed by Plaintiff Agilent Technologies, Inc. ("Agilent") against Defendant Affymetrix, Inc. ("Affymetrix") on September 26, 2006. Agilent appeals the decision of the United States Patent and Trademark Office ("USPTO") Board of Patent Appeals and Interferences ("the Board") in Patent Interference No. 105,285 ("the Interference"), entitled "Carol T. Schembri, Junior Party v. Donald M. Bessemer, Virginia W. Goss, and James L. Winkler, Senior Party."

Agilent is the owner of all right, title, and interest in U.S. Patent No. 6,513,968, which issued on February 4, 2003 ("the Schembri patent"). Affymetrix is the owner of U.S. patent application number 10/619,224, filed on July 12, 2003, by Besemer, Goss, and Winkler ("the Besemer application"). To provoke an interference, Affymetrix copied claims of the Schembri patent into the Besemer application. On January 27, 2004, Affymetrix requested a declaration of interference between the Schembri patent and the Besemer application. The Interference was declared by the USPTO on February 16, 2005.

In the Interference, Agilent filed a motion contending that claims 66-70 and 73-78 of the Besemer application are unpatentable because they are not supported by an adequate written description, as required under 35 U.S.C. § 112, ¶ 1. After briefing and a hearing, the Board denied Agilent's motion. It also found that Agilent could not prevail on the question of priority because the priority date accorded to Agilent was after that accorded to Affymetrix and Agilent did not assert an earlier date of invention. Accordingly, the Board canceled claims 20-26 and 30-35 of the Schembri patent. Although Affymetrix filed motions attacking the involved claims of the Schembri patent under 35 U.S.C. § 102(b) and 102(e), the Board dismissed those motions as moot.

1    Agilent contended that the Board erroneously determined that claims 66-70 and 73-78 of the
2    Besemer application were supported by an adequate written description, and that the Board
3    erroneously canceled claims 20-26 and 30-35 in the Schembri patent as a result.  Affymetrix
4    contended that the Board was correct in its decision.

5    On appeal to this Court, the parties submitted cross-motions for summary judgment on the
6    written description issue.  Following a joint claim construction and summary judgment hearing held
7    April 25, 2008, the Court construed the Besemer claims in light of the Besemer specification, found
8    sufficient written description support for the claims, and entered judgment in Affymetrix's favor.

9    Agilent appealed the Court's decision to the Federal Circuit, which reversed.  In its decision,
10   the Federal Circuit held that when a party challenges written description support for an interference
11   count or a copied claim in an interference, the originating disclosure provides the meaning of the
12   pertinent claim language.  The Federal Circuit therefore construed the Besemer claims in light of the
13   Schembri patent specification.  After construing the key limitations of the claims, the Federal Circuit
14   held there was no dispute of material fact that the Besemer application does not satisfy the written
15   description requirement for the claims at issue.  Accordingly, the Federal Circuit held the Court
16   erred in granting Affymetrix's summary judgment motion and reversed this Court's denial of
17   Agilent's summary judgment motion.  Affymetrix filed a petition for rehearing en banc, which the
18   Federal Circuit denied.  The Federal Circuit then issued its mandate on September 25, 2009, and
19   entered judgment in favor of Agilent.

**DISPOSITION OF THE CASE IN LIGHT OF THE REMAND**

21   In its Order, the Court specifically asked the parties to address their respective positions with
22   respect to how the case should proceed.  The parties' positions are below:

23   <u>Agilent's Position:</u>

24   The only issue that the Board substantively decided was whether the Besemer claims have
25   written description support.  The Board did not consider any of Affymetrix's additional motions,
26   instead dismissing the motions as moot in light of the decision on written description.  Accordingly,
27   on appeal, the only issue that this Court and the Federal Circuit considered was the written
28   description issue.  If Affymetrix asserts that its substantive motions should be considered at all,

1  Agilent requests that the Court reverse the Board's decision and remand the case to the Board so that
2  the Board may decide how to proceed with the interference in the first instance.
3  　　　In the alternative, if the Court would find it to be helpful, Agilent proposes that the parties
4  brief the issue of the disposition of the case according to the schedule below.
5  　　　<u>Affymetrix's Position:</u>
6  　　　Affymetrix's motions in the Interference challenging the validity of the Schembri patent
7  claims 20-26 and 30-35 remain to be decided in this case.  This Court has already ruled in its Order
8  dated September 13, 2007, that "these issues qualify for consideration in this action."  Order on
9  Motions Re: Standard of Review, Scope of Review, and Examination of Specifications, Docket No.
10 47, dated September 13, 2007 at p. 7.
11 　　　Affymetrix also agrees to brief the issue of the disposition of the case if the Court would find
12 it helpful.

**SCHEDULE**

If the Court would find briefing the issue of the disposition of the case helpful, the parties' proposed schedule going forward is set forth below:

| EVENT | DUE DATE |
|---|---|
| Opening brief on the disposition of the case | January 25, 2010 |
| Responsive brief on the disposition of the case | February 8, 2010 |
| Hearing on the disposition of the case | **March 22, 2010 at 9 a.m.** |

　　　Pursuant to General Order No. 45 X.B, the electronic filer of this document attests under penalty of perjury that she has the concurrence of each of the signatories to this Joint Case Management Statement.

|   |   |   |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated:  December 4, 2009 | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. |

By:  /s/ Tina E. Hulse
       Tina E. Hulse

Thomas H. Jenkins (Admitted *Pro hac vice*)
tom.jenkins@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue
Washington, D.C. 20001-4413
Telephone:     (202) 408-4000
Facsimile:      (202) 408-4400

Tina E. Hulse (CA Bar No. 232936)
tina.hulse@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone:     (650) 849-6600
Facsimile:      (650) 849-6666

Attorneys for Plaintiff
AGILENT TECHNOLOGIES, INC.

Dated:  December 4, 2009          AFFYMETRIX, INC.

By:  /s/ Stephen Holmes
       Stephen Holmes

Barbara A. Caulfield (CA Bar No. 108999)
bcaulfield@dl.com
Michael J. Malecek (CA Bar No. 171034)
mmalecek@dl.com
Stephen C. Holmes (CA Bar No. 200727)
sholmes@dl.com
DEWEY & LeBOEUF
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225
Telephone:     (650) 845-7000
Facsimile:      (650) 845-7333

Attorneys for Defendant
AFFYMETRIX, INC.

**[PROPOSED] CASE MANAGEMENT ORDER**

The Case Management Statement and [proposed] Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

The Court also sets a Further Case Management Conference following the **March 22, 2010** hearing at 10 a.m.  On or before **March 12, 2010**, the parties shall file a Joint Case Management Statement.  The Statement shall include an update on the parties' settlement efforts.

Dated:  December 8, 2009      _____
                              JAMES WARE
                              United States District Judge